IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| AYLA ERLER,          | Case No. 12-cv-02793-CRB |
|---|---|
| Plaintiff, | |
| v. | **ORDER AFFIRMING AWARD OF ATTORNEYS' FEES** |
| YASHAR ERLER, | |
| Defendant. | |

On April 11, 2018, Magistrate Judge Nathanael Cousins awarded plaintiff Ayla Erler ("Ayla") $100,000 in attorneys' fees in addition to back-support payments and pre-judgment interest. See Order on Mot. for Entry of J. (dkt. 83). Yashar Erler ("Yashar") challenges Judge Cousins' order. See Mot. for De Novo Review (dkt. 86). As explained herein, the Court DENIES Yashar's request to reject the award of attorneys' fees, and AFFIRMS Judge Cousins' order in its entirety.

I. **BACKGROUND**

The factual background of this case is set out in previous orders, and the Court will not repeat it here. See, e.g., Order on Mot. for Entry of J. at 1–3. The relevant procedural history is as follows.

In 2013, this Court granted summary judgment in favor of Yashar. See J. for Def. (dkt. 27). Ayla appealed the decision and the Ninth Circuit vacated and remanded in 2016. Erler v. Erler, 824 F.3d 1173, 1177 (9th Cir. 2016). In November 2017, this Court granted Ayla's summary judgment motion and denied Yashar's motion for summary judgment in its entirety. See Order on Cross-MSJs. (dkt. 75). The Court referred the matter of

1  damages and attorneys' fees to Judge Cousins, see id. at 16, who ordered that Yashar must
2  pay $100,000 in attorneys' fees to Ayla for her pro bono counsel. See Order on Mot. for
3  Entry of J. at 1. Yashar filed a motion for de novo review of the issue of attorneys' fees,
4  see Mot. for De Novo Review, and Ayla filed an opposition, see Opp. to Mot. for De Novo
5  Review (dkt. 87), to which Yashar responded, see Reply to Opp. (dkt. 88).

## II. DISCUSSION

Yashar has filed a motion for de novo review of Judge Cousins' ruling, in which he argues that Judge Cousins should not have awarded any attorneys' fees to Ayla's pro bono counsel. Yashar did not initially object to the particular amount of attorneys' fees, although in his reply brief he broadly objects to the amount as "punitive" and "grossly excessive." See Reply to Opp. at 3. A plaintiff cannot raise an argument for the first time in a reply. See Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."); Hadley v. Kellogg Sales Co., 273 F. Supp. 3d 1052, 1098 (N.D. Cal. 2017) ("The Court need not consider this argument as it is raised for the first time in Defendant's reply brief."); Dragu v. Motion Picture Indus. Health Plan for Active Participants, 144 F. Supp. 3d 1097, 1113 (N.D. Cal. 2015) ("[I]t is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.") (citing Dytch v. Yoon, No. C 10-02915 MEJ, 2011 U.S. Dist. LEXIS 22594, at *3 (N.D. Cal. Mar. 7, 2011)). The Court will therefore only address the arguments Yashar made in his initial motion that (A) Judge Cousins should not have issued an order but rather a recommendation, (B) 8 U.S.C. § 1183(c) only authorizes attorneys' fees for post-judgment enforcement, and (C) Ayla's lawyers should not collect attorneys' fees because they work at a for-profit law firm.

### A. Reviewability of Judge Cousins' order

The parties do not dispute the reviewability of the order on attorneys' fees. Even though Judge Cousins' order cites Fed. R. Civ. P. 72(a) ("Rule 72(a)") on nondispositive pretrial matters, both Yashar and Ayla argue that motions for attorneys' fees are dispositive matters subject to de novo review by the district court under Fed. R. Civ. P.

United States District Court
Northern District of California

72(b) ("Rule 72(b)"). Opp. to Mot. for De Novo Review at 3 (citing Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1993)), Mot. for De Novo Review at 5 (citing same). Yashar and Ayla both argue that Judge Cousins' order should have been issued as a "recommendation," since the issue of attorneys' fees is a dispositive matter subject to the district court's de novo review upon objection. Mot. for De Novo Review at 6; Opp. to Mot. for De Novo Review at 3; Fed. R. Civ. P. 72(b)(1).

Rule 72(a) authorizes magistrate judges to hear and determine nondispositive pretrial matters, but not to enter final orders on dispositive post-judgment motions. Estate of Conners, 6 F.3d 656 at 658; see also 28 U.S.C. § 636(b)(1)(A). On the other hand, all dispositive matters which are handled by the magistrate judge pursuant to Rule 72(b), including matters of attorneys' fees, are subject to the district court's de novo review upon a parties' timely objection. See id.; Spectros Corp. v. Thermo Fisher Scientific, No. C 09–01996 SBA. 2012 WL 5523510, at *3 (N.D. Cal. Nov. 13, 2012); Cotton v. City of Eureka, Cal., 889 F. Supp. 2d 1154, 1160 (N.D. Cal. 2012); see also 28 U.S.C. § 636(b)(1)(B). Accordingly, the Court will address the objections raised by Yashar in his motion for de novo review on the issue of attorneys' fees. This de novo review will also cure any problems associated with the recommendation being called an "order." See Estate of Conners, 6 F.3d 656.

**B. Remedies under 8 U.S.C. § 1183(c)**

**1. Attorneys' fees are available under 8 U.S.C. § 1183(c)**

Yashar argues that in disputes about I-864 Affidavits of Support, attorneys' fees are allowed "only as a post-judgment enforcement, cost of collection." Mot. for De Novo Review at 6. 8 U.S.C. § 1183(c), however, states that available remedies include "payment of legal fees." 8 U.S.C. § 1183(c). As Ayla correctly notes, the statute specifically lists those remedies as "available to enforce an affidavit of support," not "available to enforce a judgment." See Opp. to Mot. for De Novo Review at 7 (internal quotation omitted) (emphasis added).

Numerous district courts have also found that courts can award attorneys' fees to

3

parties seeking to enforce I-864 Affidavits of Support under 8 U.S.C. § 1183(c). See, e.g., Shumye v. Felleke, 555 F. Supp. 2d 1020, 1024 (N.D. Cal. 2008) ("A sponsor may also be held liable for legal fees.") (citing 8 U.S.C. § 1183(c)); Toure-Davis v. Davis, No. CIV.A. WGC-13-916, 2015 WL 3891744, at *6 (D. Md. June 23, 2015) (permitting plaintiff to file a motion and affidavit for collection of attorneys' fees pursuant to 8 U.S.C. § 1183(c)); Matloob v. Farhan, No. WDQ-11-1943, 2014 WL 4977667, at *1 (D. Md. Oct. 1, 2014) (granting plaintiff attorneys' fees pursuant to 8 U.S.C. § 1183(c)); Yaguil v. Lee, No. 2:14-CV-00110 JAM-DA, 2014 WL 3956693, at *1 (E.D. Cal. Aug. 13, 2014) ("[The] I–864 Affidavit is a contract that provides for attorney's fees to the prevailing party"); Sloan v. Uwimana, No. 1:11-CV-502 GBL/IDD, 2012 WL 1155206, at *2 (E.D. Va. Apr. 4, 2012) (granting plaintiff attorneys' fees pursuant to 8 U.S.C. § 1183(c)); Skorychenko v. Tompkins, No. 08-CV-626-BBC, 2009 WL 3126379, at *3 (W.D. Wis. Sept. 28, 2009) (describing remedies available to enforce an I-864 affidavit of support).

Yashar does not cite to examples of courts denying requests for attorneys' fees to parties who have successfully enforced I-864 Affidavits of Support, and the Court has found none. Furthermore, the plain language of the statute supports Ayla's interpretation. The court therefore rejects Yashar's argument that 8 U.S.C. § 1183(c) does not authorize the collection of attorneys' fees.

### 2. No prevailing party is required to collect attorneys' fees

In the alternative, Yashar argues that (1) 8 U.S.C. § 1183(c) requires a party to be the "prevailing party" to collect attorneys' fees, and (2) Ayla is not the prevailing party. Resp. to Mot. for Attys' Fees (dkt. 79) at 3. However, 8 U.S.C. § 1183(c) does not mention "prevailing parties" and refers only to remedies "available to enforce an affidavit of support." See 8 U.S.C. § 1183(c); see also Yaguil v. Lee, No. 2:14-CV-00110 JAM-DA, 2014 WL 3956693, at *2 (E.D. Cal. Aug. 13, 2014) (emphasis added) (noting that Congress did not include prevailing party language in statute).

Even if the statute did require a party to "prevail" to receive attorneys' fees, though, Ayla would still be the prevailing party. The Court agrees with Judge Cousins' assessment

4

that "considering that the Ninth Circuit reversed the district court's entry of judgment for Yashar—and the fact that this matter is before the Court to determine what back payments Yashar owes Ayla—the Court finds Yashar's argument as to the prevailing party to be bordering on frivolous." See Order on Mot. for Entry of J. at 7. The court therefore rejects Yashar's prevailing party argument under 8 U.S.C. § 1183(c).

### C. Attorneys' fees in pro bono cases

Yashar also argues that Ayla's attorneys are "not the type of pro bono lawyers" who can justifiably collect attorneys' fees because they do not work for a non-profit or public interest organization. Mot. for De Novo Review at 10–11. However, the Ninth Circuit has held that attorneys' fees awards are not barred in cases with pro bono representation because doing so would discourage entities from representing litigants who cannot pay for representation. See Brandenburger v. Thompson, 494 F.2d 885, 889 (9th Cir. 1974). "Attorney's fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services." Voice v. Stormans Inc., 757 F.3d 1015, 1017 (9th Cir. 2014) (citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989)). Accordingly, the Court rejects Yashar's argument that attorneys at for-profit law firms cannot collect fees for pro bono representation.

## III. CONCLUSION

For the foregoing reasons, the Court, having reviewed the matter de novo, DENIES Yashar's motion as to attorneys' fees and AFFIRMS Judge Cousins' order in its entirety.

**IT IS SO ORDERED.**

Dated: July 16, 2018

CHARLES R. BREYER
United States District Judge

5